IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 7, 2016

## STATE OF TENNESSEE v. GEORGE PRINCE WATKINS

**Appeal from the Circuit Court for Madison County**
**Nos. 86-521, 90-227, 90-161, 90-935     Donald H. Allen, Judge**
_____

**No. W2016-00171-CCA-R3-CD  -  Filed October 27, 2016**
_____

The Defendant, George Prince Watkins, pleaded guilty to burglary in 1989 and was given a probationary sentence. The Defendant violated his probation, and while on bond for his probation violation, he committed four new offenses, to all of which he subsequently pleaded guilty. The trial court ordered concurrent sentencing for all of the convictions. The Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, contending that his sentence was illegal. The trial court summarily dismissed the motion, and the Defendant appealed. This Court held that the Defendant had presented a colorable claim and remanded the case to the trial court for Rule 36.1 proceedings. *State v. George Prince Watkins*, No. W2014-02393-CCA-R3-CD, 2015 WL 6145899, at *1 (Tenn. Crim. App., at Jackson, Oct. 15, 2015), *no perm. app. filed*. The Defendant moved forward with his Rule 36.1 motion, and the trial court again summarily dismissed the Defendant's motion finding that he failed to state a colorable claim since his sentences were expired and citing *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015), which was released in December 2015. Based upon *Brown*, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

George Prince Watkins, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In our original opinion regarding the Defendant's Rule 36.1 motion, this Court stated the facts as follows:

On July 23, 2014, the [Defendant] filed a Rule 36.1 motion to correct an illegal sentence. The motion alleges that the [Defendant] pled guilty to "first degree" burglary in 1986 and was given a five-year sentence to be served on probation. The motion further alleges that in 1989, the [Defendant's] probation was revoked for having violated the terms of his release. According to the [Defendant], he committed four new offenses while he was on bond for the probation violation and subsequently pled guilty to all four offenses. The [Defendant] alleges that the sentences for all four offenses were ordered to be served concurrently with his original 1986 sentence, in violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail.

The State filed a response to the [Defendant's] motion in the trial court arguing that "[a]ny attacks on the judgments could have been made pursuant to post[-]conviction within three year [sic] of the judgment or under habeas corpus" and that the [Defendant] "has had reasonable opportunity to raise the issue but the issue had [sic] been waived." The response concluded as follows:

In this case no fundamental issue of fairness is implicated as the movant has slept on previous rights to bring the issue before the Court in a timely manner which have now expired. As a matter of sound interpretive principles the intent of the legislature could not have been to revive cases long since expired but the court should only interpret the rule to apply to cases presently active or sentences not yet expired.

On November 6, 2014, the trial court entered a written order denying the [Defendant's] motion, stating only that the motion was "denied for the reasons set forth in the State's response."

On appeal, the [Defendant] contends that the trial court erred in summarily denying his motion. The [Defendant] argues that his motion stated a colorable claim and that he should have been appointed counsel

2

and given a hearing on the motion. The State now concedes that the trial court erred in summarily denying the motion.

*Watkins*, 2015 WL 6145899, at *1-2. This Court reversed the case, finding that the Defendant had stated a colorable claim for relief. *Id.*

Shortly after our remand, the Tennessee Supreme Court issued *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). In that case, the Court held that Rule 36.1 "does not authorize the correction of expired illegal sentences." *Id.* at 211.

Included in the record is the Defendant's original pleading, in which he contends that he pleaded guilty in 1990 and was sentenced to four years of incarceration. He then cites pre-*Brown* law regarding the requirement that a trial court hold a hearing "even though the State opposed relief prior to the appointment of counsel, and even though the Defendant's sentences had long since expired."

After our remand and after the Tennessee Supreme Court issued *Brown*, the trial court entered an order dismissing the Defendant's Rule 36.1 motion. In it, the trial court found that the Defendant's sentences had all expired. It is from this order that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it dismissed his Rule 36.1 motion, arguing that an "illegal sentence can never expire when it's void ab initio" and has never been served. He contends that his sentences have never been served because they should have been served consecutively rather than concurrently. The State counters that the Defendant is not entitled to relief because his original illegal sentence has expired.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already

3

represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. *See, e.g., Cantrell v. Easterling*, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

Pursuant to Rule 36.1, the defendant is entitled to a hearing and appointment of counsel if he states a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Our Supreme Court has recently stated that a colorable claim pursuant to Rule 36.1 is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, – S.W.3d –, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).

Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). In this case, if the Defendant's claims are taken as true, he received an illegal sentence as "a sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Our Supreme Court, however, has analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences." *Brown*, 479 S.W.3d at 211. The Court further held that "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id*. The Defendant's sentence in the case at hand has expired and, because of such, relief is not available under Rule 36.1. Therefore, we affirm the summary dismissal of the Defendant's motion.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4